# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV12-04802 JAK (PJWx) | Date | June 27, 2012 |
| Title | Pacifica Seacove, LP v. Wade A. Holland, et al. | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING FOR LACK OF SUBJECT MATTER JURISDICTION    JS-6

On May 24, 2012, Plaintiff Pacifica Seacove, LP, brought an unlawful detainer action against Defendants Wade Holland and Terry Jew-Holland in the Superior Court of California, Los Angeles County. *See* Notice of Removal, Exh. B, Dkt. 1. Plaintiff alleged that Defendants were unlawfully in possession of the property at 4815 Pepperwood Ave., Long Beach, California, following Plaintiff's purchase of the property at a non-judicial foreclosure trustee's sale on April 27, 2012. *Id.* at ¶¶ 3-7. Plaintiff's unlawful detainer complaint seeks damages of less than $10,000. On June 1, 2012, Defendants removed the action to this Court. *See* Notice of Removal, Dkt. 1. Defendants contend that this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 (federal question jurisdiction).

On June 7, 2012, the Court issued an Order to Show Cause re Subject Matter Jurisdiction, because Plaintiff's unlawful detainer action did not "arise under" federal law. *See K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011). The Court directed the parties to address the issues raised by the Court with respect to whether it has jurisdiction over this matter. The parties timely responded to the Court's Order to Show Cause. Dkt. 9, 13.

In their response to the Court's Order to Show Cause, Defendants argue that Plaintiff's action arises under federal law, because Defendants intend to present defenses under various federal laws and amendments to the United States Constitution. However, "the existence of federal jurisdiction on removal must be determined from the face of plaintiff's complaint," *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir. 1993), and "the existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). Thus, Defendants' arguments fail to establish that Plaintiff's state law unlawful detainer claim arises under federal law.

The party seeking to establish the Court's jurisdiction bears the burden of establishing it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, Defendants have failed to establish the presence of a federal question under 28 U.S.C. § 1331. Accordingly, the Court REMANDS this matter to

///

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-04802 JAK (PJWx) | Date | June 27, 2012 |
|---|---|---|---|
| Title | Pacifica Seacove, LP v. Wade A. Holland, et al. | | |

the Superior Court of California, Los Angeles County, South District/Long Beach Courthouse, No. 12U01501.

**IT IS SO ORDERED.**

: 
Initials of Preparer    ak